# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IBM Lender Business Process Services, Inc., ) | Case No.: 2:11-cv-00712-RLH-CWH |
| Appellant, ) | **OPINION** |
| vs. ) | |
| James Allen Sloane, ) | |
| Appellee. ) | |

Before the Court is Appellant IBM Lender Business Process Services, Inc's **Appeal from an Order of the United States Bankruptcy Court for the District of Nevada** (#1, filed May 3, 2011). The Court has considered IBM's Opening Brief (#9, filed July 18), Appellee James Allen Sloane's Opening Brief (#10, filed Aug. 5), and IBM's Reply Brief (#11, filed Aug. 18).

## BACKGROUND

This appeal involves a loan that Sloane took out on his principal residence in Las Vegas, Nevada. Sloane had been in default on the loan since November 2009 when, in May 2010, a Notice of Sale was recorded against the subject property. Two days before the sale was to take place, on June 15, Sloane filed for Chapter 13 bankruptcy. In December 2010, Sloane filed an amended Chapter 13 plan in the bankruptcy proceeding which was confirmed by the Bankruptcy Court. The plan provided for the payment of all pre-petition arrearages on his loan, and required

AO 72
(Rev. 8/82)

1

Sloane to make post-petition payments directly to IBM. Sloane did not make any post-petition payments. As a result, IBM filed a motion to lift the automatic stay to enable it to proceed with foreclosure. The Honorable Bruce A. Markell of the United States Bankruptcy Court for the District of Nevada granted IBM's motion but required IBM to rescind its previously-recorded Notice of Default and record a new Notice of Default. IBM now appeals Judge Markell's ruling, which, for the reasons discussed below, the Court reverses.

## DISCUSSION

### I. Legal Standard

A district court may affirm, modify, or reverse an appeal of a bankruptcy judge's order. Fed. R. Bankr. P. 8013. An order granting or denying relief from an automatic stay is reviewed for abuse of discretion, and may be reversed if it is "based on erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision." *Benedor Corp. v. Conejo Enters.*, 96 F.3d 346, 351 (9th Cir. 1996) (quoting *In re Windmill Farms, Inc.*, 841 F.2d 1467, 1472 (9th Cir. 1988)).

### II. Analysis

The Bankruptcy Court's decision to require IBM to rescind its previously-recorded Notice of Default and record a new Notice of Default was an abuse of discretion. "An order which lifts an automatic stay [in a Chapter 13 case] 'returns the parties to the legal relationships that existed before they stay became operative." *Sandlin v. Ameriquest Mortgage Co.*, 2010 Bankr. LEXIS 1207, *31–32 (Bankr. N.D. Ala. 2006). In this case, the legal relationship that existed constituted Sloane in default on his mortgage and a Notice of Default filed against his property. Sloane's Chapter 13 petition did not change this status. Although the confirmation of a Chapter 13 plan discharges the debtor of his pre-petition arrearages, "the discharge is delayed until the debtor completes the plan." *In re Smith*, 287 B.R. 882, 884 (W.D. Tex 2002) (citing 11 U.S.C. § 1328(a)). When the debtor completes the plan (*i.e.*, makes the payments under the plan), he is entitled to an adjustment of his pre-petition obligations. *In re Scheierl*, 176 B.R. 498, 504 (Bankr.

D. Minn. 1995). Sloane did not complete his plan because he did not make any post-petition payments pursuant to the plan. Therefore, the confirmation of the plan did not cure or discharge Sloane's pre-petition arrearages. Accordingly, when the Bankruptcy Court lifted the automatic stay, the parties should have returned to their pre-petition status, which, again, constituted Sloane in default on his mortgage and a Notice of Default filed against his property. IBM was therefore not required to rescind the existing Notice of Default and record a new one. As such, the Bankruptcy Court's order requiring IBM to do so was an abuse of discretion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the Order Terminating Automatic Stay is REVERSED to the extent that it requires IBM to rescind any existing Notice of Default as against the subject property and cause a new Notice of Default to be recorded. The Court REMANDS the case to the Bankruptcy Court and instructs the Bankruptcy Court to grant IBM unconditional relief from the automatic stay.

Dated: December 29, 2011

_____
ROGER L. HUNT
United States District Judge